# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-3012 FMO (JEMx) | Date | April 14, 2020 |
|---|---|---|---|
| Title | Kowall Ventures, LLC v. Vincent Mehdizadeh, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

Plaintiff Kowall Ventures, LLC ("plaintiff") brought this action against defendants Vincent Mehdizadeh, Jaime Ortega, and Pineapple Ventures, Inc. (See Dkt. 1, Complaint). Federal subject matter jurisdiction is premised solely on diversity of the parties. (See id. at ¶ 6).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Plaintiff alleges that it is "an Arizona limited liability company" and a citizen of Arizona, (see Dkt. 1, Complaint at ¶¶ 1 & 6), and that defendants are citizens of California. (See id. at ¶¶ 2-4). To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611. Furthermore, for diversity purposes, the Ninth Circuit has held that a "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]) (internal quotation marks omitted). The Complaint's bare, conclusory allegations as to the citizenship of plaintiff's respective members, (see Dkt. 1, Complaint at ¶¶ 1 & 6; see, generally, Dkt. 1, Complaint), do not satisfy plaintiff's burden to "both plead[] and prov[e] diversity jurisdiction." Rainero, 844 F.3d at 840.

Based on the foregoing, IT IS ORDERED that no later than **April 22, 2020**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 20-3012 FMO (JEMx)** | Date | **April 14, 2020** |
|---|---|---|---|
| Title | **Kowall Ventures, LLC v. Vincent Mehdizadeh, et al.** | | |

**show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of subject matter jurisdiction and/or failure to comply with a court order**. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388-89 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]").

Initials of Preparer     vdr